IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| RONALD SATISH EMRIT,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES PATENT AND TRADEMARK OFFICE, *et al.*,<br><br>Defendants. | Case No. 25-cv-00356-DKW-RT<br><br>**ORDER (1) SCREENING AND DISMISSING COMPLAINT WITH PREJUDICE AND WITHOUT LEAVE TO AMEND, AND (2) DENYING AS MOOT APPLICATION TO PROCEED *IN FORMA PAUPERIS*[1]** |

On August 21, 2025, in a rambling ode to his imagination, Plaintiff Ronald Emrit initiated this proceeding with the filing of a pro se Complaint against numerous federal government entities, including the U.S. Patent and Trademark Office (USPTO). Dkt. No. 1. Emrit also filed an application to proceed in district court without prepayment of fees or costs (IFP Application). Dkt. No. 3.[2] In the Complaint, which touches on topics ranging from the Milky Way, Ancient Egypt, and quarterbacks of the National Football League, Emrit asks this Court to grant him patents allegedly related to his "three ideas" in "quantum mechanics,

---

[1] Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

[2] Therefore, pursuant to 28 U.S.C. Section 1915(a), the Court now screens the Complaint. Specifically, the Court screens, and may dismiss, any claim it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

astrophysics, special relativity, general relativity, and biomedical engineering" and award him approximately $500 billion due to the Defendants allegedly "tortious[ly] interfer[ing]" with contracts and business concerning these potential patents. For the reasons discussed further below, because the Court has no authority and/or jurisdiction to issue such relief, this case is DISMISSED and, because amendment would not cure these deficiencies, dismissal is WITH PREJUDICE and WITHOUT LEAVE TO AMEND.

The following paragraph from the Complaint is emblematic of the thrust of Emrit's allegations:

> The Cosmic Microwave Background Radiation (CMBR) was first discovered by Arno Penzias (AP) and Robert Wilson (RW) at Bell Laboratories in Homedell, New Jersey which is somehow connected to the model Ashton P. (AP) as in Aphrodite or Venus at the Roger Williams (RW) Park in Providence, Rhode Island at The Temple of Music which is also somehow connected to Temple of Artemis (Diana) and The Hanging Gardens of Babylon (THGOB) being connected to Bloodline of The Holy Grail (BOTHG) and Mary Magdalene as Ashton P. was in the Rohde Island beauty pageant according to her and was also in the music video for Three-Car Garage by the plaintiff (Satish Dat Beast) at Temple of Music at Roger Williams Park in Rhode Island connected to Temple of Artemis (Diana), Aphr[o]dite/Venus (Ashton P.) and The Hanging Gardens of Babylon as Ancient Wonders of the World like Mausoleum at Halicarnassus and Colossus of Rhodes and Great Pyramids at Giza built by the lesser-known pharaohs Khufu and Sneferu.

Dkt. No. 1 at ¶ 4.

When shorn of the foregoing chaos, the essence of this proceeding is Emrit's attempts to obtain both (1) patents in what can best be described as abstract "ideas" concerning phenomena in space and (2) billions of dollars from the federal government for "tortious[ly] interfer[ing]" with Emrit's ability to contract or do business related to his ideas. There is, however, no authority and/or jurisdiction for the Court to provide such relief. *See Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 218 (2014) (explaining "the longstanding rule that an idea of itself is not patentable.") (quotations and brackets omitted); *Camsoft Data Sys., Inc. v. S. Elecs. Supply, Inc.*, 756 F.3d 327, 334 (5th Cir. 2014) (quoting 35 U.S.C. Section 2 for the purpose of explaining that "Congress has explicitly vested the Patent and Trademark Office with sole discretion over the 'granting and issuing of patents.'"); *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (explaining that, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit[]" and that the FTCA "waived the sovereign immunity of the United States for certain torts…");[3] 28 U.S.C. § 2680(h) (excepting from the Federal Tort Claims Act "[a]ny claim arising out of … interference with contract rights"); *Bosh v. United States*, 2019 WL 6115016, at *6 (W.D.Wa. Sep. 12, 2019) (citing cases and

---

[3] Because Emrit attempts to bring torts claims against entities of the United States government, the Court construes the same as being brought under the Federal Tort Claims Act (FTCA). *See F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998) ("The FTCA is the exclusive remedy for tortious conduct by the United States….").

explaining that the FTCA's above-described exception "extends … to interference with prospective economic advantages or any potential contract."); *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000) (explaining that, if claims "fall within one or more of [the FTCA's] exceptions, then the federal courts lack subject matter jurisdiction to hear the claims.").[4]

This leaves whether to grant leave to amend the Complaint. Because Emrit is proceeding without counsel, generally, he may have an opportunity to amend his initial pleading "[u]nless it is absolutely clear that no amendment can cure the defect…." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Here, it is abundantly clear that no amendment can cure the clear deficiencies, procedural and

---

[4] Among other deficiencies, the Court adds that the Complaint fails to allege any reason for why this lawsuit was brought in the District of Hawaiʻi. Notably, Emrit does not reside in this State, none of the Defendants are located in this State, and none of the alleged conduct or omissions by Emrit and/or the Defendants are alleged to have taken place in this State. *See generally* Dkt. No.1. Indeed, even Emrit appears to believe that this action should have been brought elsewhere. *See* Dkt. No. 1 at ¶ 42 (alleging that "the U.S. District Court for the District of Eastern Louisiana … has jurisdiction over this matter…."). Therefore, this would be another reason for dismissing the Complaint without leave to amend. *See* 28 U.S.C. § 1391(b) (providing that venue is proper in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to a court's personal jurisdiction); *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (explaining that a district court can raise the issue of improper venue on its own motion); 28 U.S.C. § 1406(a) (providing that a district court "in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); *Amity Rubberized Pen Co. v. Market Quest Group Inc.*, 793 F.3d 991, 996 (9th Cir. 2015) (explaining that "transfer will generally be in the interest of justice, unless it is apparent that the matter to be transferred is frivolous or was filed in bad faith.").

substantive, with the Complaint. Put simply, however Emrit may re-cast his allegations, he cannot patent his "ideas", even if he could, this Court cannot award him such relief, and he cannot claim damages from the Government for being unable to enter into contracts or other business for his un-patentable ideas. In other words, leave to amend would be futile. Because leave to amend is not warranted, the Court DISMISSES the Complaint with prejudice. *See Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (affirming the dismissal with prejudice of claims under the FTCA because "the bar of sovereign immunity is absolute" and the plaintiffs could not "redraft their claims to avoid the exceptions to the FTCA.").

The IFP Application, Dkt. No. 3, is DENIED AS MOOT.

IT IS SO ORDERED.

DATED: August 29, 2025 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

*Ronald Satish Emrit vs. United States Patent and Trademark Office, et al*; Civil No. 25-00356 DKW-RT; **ORDER (1) SCREENING AND DISMISSING COMPLAINT WITH PREJUDICE AND WITHOUT LEAVE TO AMEND, AND (2) DENYING AS MOOT APPLICATION TO PROCEED** *IN FORMA PAUPERIS*